### N. W. POWERS v. MRS. MATTIE JONES.

(Filed 30 September, 1925.)

**Contracts—Breach—Damages—Conditional Acceptance.**

> Where one assuming to act as agent for another writes that he has a person who will take the property at a certain price, and the owner says she will sell at that price and asks that the proposed unnamed purchaser be referred to her for the consummation of the deal, the owner makes no unconditional acceptance of the offer, and no action for damages can be maintained against her for breach of contract of sale.

VARSER, J., concurs in the result only.

APPEAL by plaintiff from *Cranmer, J.,* at April Term, 1925, of CURRITUCK. Affirmed.

Action to recover damages for breach of contract to convey land. Defendant, in her answer, denied that she had made a contract to sell and convey her land to plaintiff, as alleged in the complaint. At close of plaintiff's evidence, on motion of defendant, judgment of nonsuit was rendered. From this judgment, plaintiff appealed.

*Aydlett & Simpson for plaintiff.*
*Thompson & Wilson for defendant.*

CONNOR, J. Evidence offered by plaintiff tended to show the following facts:

On 25 July, 1919, defendant, Mrs. Mattie Jones, was indebted to J. Q. A. Wood, in the sum of $1,500. This indebtedness was secured by a mortgage on the Benton Farm, in Currituck County, owned by defendant. The indebtedness was past due. On said date, Mr. Wood wrote Mrs. Jones that "he had just seen a man who would give her $2,200, cash, for her Benton Farm." He requested her to let him know if she would sell her farm to this man for this sum. He further stated in his letter that he would be compelled to collect his money from defendant by 1 October. He concluded his letter to defendant by expressing the hope that she would sell her land, herself, and thus get something out of it for herself.

On 28 July, 1919, Mrs. Jones, in reply to this letter, wrote Mr. Wood, that as he needed his money, and as she had no means of paying him, except by the sale of the land, she would take $2,200 for it. She directed Mr. Wood to "refer the party to her, as she wished to settle the matter at once." On 30 July, 1919, Mr. Wood acknowledged receipt of this letter, advising Mrs. Jones that he would let her know when Mr. Poyner was ready to pay for the land. Again on 13 August 1919, Mr. Wood wrote Mrs. Jones, advising her that Mr. N. W. Poyner "who wants to buy your land is here and wishes you and Mr. Jones to come here at once and make him a deed." There was evidence that Mr. Wood confused the name of Mr. N. W. Poyner with that of Mr. N. W. Powers, the plaintiff, and that the plaintiff was the man to whom Mr. Wood referred in his letter to Mrs. Jones, dated 25 July, 1919. There was no evidence however, that he ever informed her of his error.

There was no evidence that Mr. Wood at any time after the receipt of defendant's letter, dated 28 July, 1919, referred plaintiff to Mrs. Jones, as she requested, or informed her by letter or otherwise that plaintiff was the man who was willing to give her $2,200 for her land. Nor was there any evidence that plaintiff communicated, in person or otherwise with Mrs. Jones, relative to the purchase of the land, although Mr. Wood wrote him on 30 July, 1919, that Mrs. Jones was willing to take $2,200 for the land, and although plaintiff on 11 August, 1919, left with Mr. Wood, for Mrs. Jones, his check for $700 to pay the difference between the proposed purchase price and the amount of her indebtedness to Mr. Wood. There was no evidence that Mr. Wood ever tendered to Mrs. Jones on behalf of plaintiff, this check or any sum for her land.

Mrs. Jones subsequently sold her land to another person, and out of the proceeds of the sale paid her indebtedness to Mr. Wood. On 18 September, 1922 plaintiff brought this action against Mrs. Jones, alleging "that in July, 1919, he contracted in writing to purchase of defendant her Benton Farm for $2,200, and that he had been damaged in the sum of $1,300 by her failure to comply with her contract." These allegations were denied by defendant, in her answer.

If it be conceded that Mr. Wood wrote the letter to Mrs. Jones, dated 25 July, 1919, as agent of plaintiff, and that this letter was an offer by plaintiff to purchase of Mrs. Jones her Benton Farm, for $2,200, with the request that she let Mr. Wood know if she was willing to sell the land to plaintiff for that sum, then her letter to Mr. Wood, dated 28 July, 1919, was not an acceptance of this offer. She expressed her willingness, it is true, to sell the land for the sum proposed, but requested that the proposed purchaser be referred to her, in order that she might herself close the matter. This was not such an acceptance of an offer, as constitutes a contract. She expressly reserved the right to accept or reject the "man whom Mr. Wood had just seen," and whose name he had not disclosed to her, as the purchaser of her land.

The letters offered in evidence, as a contract in writing, binding on defendant, to sell and convey her land to plaintiff, do not constitute a final contract between plaintiff and defendant. Her letter to Mr. Wood is evidence of a willingness on her part to enter into negotiations with the proposed purchaser, when he had been referred to her by Mr. Wood. It was not an acceptance by her of Mr. Wood's undisclosed principal as the purchaser of her land.

The evidence offered by plaintiff is not sufficient to establish the truth of his allegation that defendant had in July, 1919, contracted in writing to convey to him her Benton Farm for $2,200. There was no error in rendering judgment of nonsuit. The judgment is

Affirmed.

VARSER, J., concurs in the result only.